16624.   BIBB MANUFACTURING COMPANY *v.* CLEVELAND, CINCIN-
          NATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

STEPHENS, J.   1. The provision in a bill of lading, that the carrier's responsibility for goods in an interstate shipment over the lines of connecting carriers will terminate upon the storage of the goods by the terminal carrier in a public or licensed warehouse after the expiration of forty-eight hours from the time when the person entitled to receive the goods has been notified of their arrival and has failed to remove them, constitutes a contract binding upon the shipper and the delivering carrier, by the terms of which the carrier is released from liability for any loss or damage to the goods after their storage in a warehouse in compliance with this provision of the bill of lading. Model Mill Co. *v.* Carolina, C. & O. Ry., 136 Tenn. 211 (5) (188 S. W. 936); Efland Hosiery Mills *v.* Hines, 184 N. C. 356 (114 S. E. 472); Gregg *v.* Illinois Central R. Co., 147 Ill. 350 (35 N. E. 343, 37 Am. St. R. 238); 4 R. C. L. 763, § 229.

2. In a suit by the shipper against the terminal carrier for a conversion of the goods by a warehouseman with whom the defendant had stored them after their arrival at the point of destination, where it appeared that the goods, which had been shipped under a bill of lading containing the above provision, had been stored by the defendant in a public licensed warehouse after notice, as required by the provision in the bill of lading, had been given by the carrier to the person entitled to receive the goods and who had failed to remove them, a finding for the defendant was authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 13, 1926.

Attachment; from city court of Macon—Judge Jordan. June 1, 1925.

---

Carriers, 10 C. J. p. 180, n. 95 New.

Bibb Manufacturing Company sued the Cleveland, Cincinnati, Chicago & St. Louis Railway Company for conversion of goods delivered by the plaintiff to the Central of Georgia Railway Company at Porterdale, Georgia, on June 24, 1920, consigned to the plaintiff in Indianapolis, Indiana, order notify Parker Tire & Rubber Company. The case was submitted to the court, for trial without a jury, on an agreed statement of facts, from which it appeared that the shipment arrived at destination in due course without delay on July 16, 1920, over the line of the defendant, the final carrier, and on their arrival the defendant notified the Parker Tire & Rubber Company that the goods were ready for delivery, but the Parker Tire & Rubber Company failed to remove them, that the defendant kept the goods in its warehouse for four days, and on July 22, 1920, stored them in a licensed public warehouse in Indianapolis, and they remained in storage until September 13, 1921, when they were sold for freight and storage charges. It is admitted that the storage company failed to comply with the laws of the State of Indiana with regard to the sale of goods placed on storage. The shipment was made under an order-notify bill of lading, signed by both the shipper and the carrier, which contained the following provision: "Property not removed by the party entitled to receive it within forty-eight hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be kept in car, depot, or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only, or may be, at the option of the carrier, removed to and stored in a public or licensed warehouse at the cost of the owner and there held at the owner's risk and without liability on the part of the carrier, and subject to a lien for all freight and other lawful charges, including a reasonable charge for storage." The finding of the court was in favor of the defendant, and the plaintiff excepted.

*Jones, Park & Johnston,* for plaintiff.

*L. D. Moore,* for defendant.